FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 22 2023

KEVIN P WEIMER, Clerk
By: _Kimberly H_Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT
## ATLANTA DIVISION

TAWANA L. CARTER
**Plaintiff,**

Vs.

CIVIL ACTION : **23 -CV- 2 2 9 2**
FILE NO: -_____

**Defendants.**
**SELECT PORTFOLIO SERVICING, INC.**
**WELLS FARGO BANK, N.A., AS TRUSTEE**
**FOR FREMONT HOME LOAN TRUST2005 RR3,**
**MORTGAGE BACKED CERTIFICATES, SERIES**
**2005 RR3,**

**I**

## VERIFIED COMPLAINT FOR DAMAGES

**COMES NOW, Tawana L. Carter**, and pursuant to O.C.G.A. §23-3-61, respectfully files her Verified Petition For Injunctive Relief, Request For Declaratory Judgment Pursuant To O.C. G.A.§§ 9-4-2 and 9-11-118, , Specific Performance, Promissory Estoppel

### INTRODUCTION

1.

Plaintiff is over the age of eighteen (18), a resident of the County of Fulton, State of Georgia and resides at 115 Parkside Close, Alpharetta, Ga. 30022.

2.

Plaintiff has unsuccessfully attempted to obtain a modification of her mortgage which was approved for a modification on March 15, 2009 by Bank of America where her payment went from $2,284 per month to $1,000. After making six payments her modification was suddenly denied. Plaintiff contends this is a classic case of promissory estoppel.

Next Plaintiff on March 30, 2012 tried unsuccessfully through a non-profit known as NACA because they claimed she had too much equity in the property.

Plaintiff's third attempt at a modification was in April, 2014 through Trina Harrington at the Rainbow Push Coalition which was denied again.

Plaintiff was denied again by Select Portfolio Servicing, Inc. on Jan. 6, 2015 claiming they would rather foreclose than do a modification. Plaintiff was denied a modification again in May, 2019, and also in 2018.

3.

Plaintiff visited the Fulton  County Georgia Real Estate Records Department within the Superior Court Clerk's Offices, only to become more confused concerning the secured creditor, and entities who legally have an interest in his real property.

4.

Plaintiff brings her  action for specific performance to obtain the modification and principle reduction because her home is "under water".

Plaintiff's original loan was for $279,000 at 8% interest on 3/1/2005.

Now Plaintiff owes $331,139.89 and is still paying 8% when a market rate is only 4%.

5.

Plaintiff has reason to believe that there may be more than just those listed as Defendants that may claim an interest in her property, but at this time, is unaware of any others.

6.

The Public Real Estate Records of Fulton County do not indicate who actually owns the real property which is the subject of this litigation, other than the Plaintiff.

II.      JURISDICTION AND VENUE

7.

Jurisdiction is proper in this Court, because the subject is Title to Real Property located within their County.

8.

There is a dispute over Title to the real property; therefore, jurisdiction is proper, pursuant to O.C.G.A. §44-2-60 "[f]or the purpose of enabling all persons owning real estate within their state to have the title thereto settled and registered [,] the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon." (Emphasis supplied.) OCGA § 44-2-60 Setlock v. Setlock 286 Ga. 384, 688 SE2d 346 (2010).

9.

Further, under the Georgia Constitution, only the Superior Courts of Georgia have "Equity Jurisdiction" and the power to Grant Injunctions [GA. CONST. ART.6, §4,¶ 1].

10.

Venue is proper under Georgia's Long Arm Statute, as the real property, which is the subject matter is located within Fulton County, Georgia, and all entities conduct business in the state of Georgia.

## III.    THE PARTIES and SUBJECT PROPERTY

11.

Plaintiff, Tawana L. Carter, ("Carters") at all times relevant, is  Sui Juris and makes her Complaint upon personal knowledge of the facts alleged herein; Plaintiff has resided at; the legal description of the subject property :

See Exhibit B

12.

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite 300, Norcross, Ga. 30092.  Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

13..

The Defendants, and each of them, had actual knowledge of / and or

were in a position that they had constructive knowledge of the acts of the Defendants and each of them; because of the acts complained of herein Defendants were the agents, employees, representatives, partners, officers, principals and/or joint ventures of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants.   Defendants ratified, joined in, acquiesced in, and / or authorized the acts of the other Defendants and have retained the benefits from these acts complained of herein.

IV.        STATEMENT OF FACTS

14.

The Fraud complained of herein was pervasive and perpetrated by Novastar. who was later  acquired by Wells Fargo as Trustee, et al . It began with Novastar  making a conscious decision to sustain their business by systematically and significantly reducing their underwriting standards to create increasingly complex, confusing and increasingly risky terms for their prospective borrowers. As the entity that supervised the loan file which a broker submitted to them as a Correspondent Lender, Defendant  knew to a certainty that loans like the Plaintiff's was unsustainable for the Plaintiff and they knew that if the property value dropped or if a borrower had a income reduction the loan would fail.  Thus the Defendant sold many of its loans to Real Estate Mortgage Investment Conduits (REMICS) and /or Trusts to default on a nationwide basis.  In the specific case of Tawana L. Carter,  Wells Fargo, N.A. trustee, et al. engaged in constructive fraud and  promissory estoppel in their approval of Carter loan , attempts at modification and an approval which she seeks specific performance which was granted on March 15, 2009.  In addition, Tawana L. Carter applied for modifications five  more times to be turned  down when she was more than qualified.  This is a classic example of promissory estoppel.  Plaintiff contends she is not in default  as a result of Select Portfolio Servicing, Inc.'s "unclean hands."

15.

, Plaintiff Carter purchased her property with Fremont with a subprime predatory loan of $279,000 at 8% interest rate with a payment of $1,645.23 (PI) plus $269.20 (TI). Ms. Carter's loan was a stated income loan and she was made a loan she would never be able to repay. There was a modification that was granted on March 15, 2009 by Bank of America which brought the payment down to $1,000 on a trial modification but the loan was never approved for a final modification after Plaintiff made all trial payments in a timely manner.. Plaintiff seeks specific performance to get this modification.

I.      GENERAL ALLEGATIONS

1. This is an action brought by Plaintiff, Tawana Carter for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages and violations of Due Process, Civil Rights. All of the following allegations are newly discovered .

2. However, the newly discovered issue here is "dual tracking". The fact that Plaintiff's loan
was clearly in an "active" modification and Defendant's were clearly planning

3. to foreclose is a clear violation of FDCPA which has a 120 day window
where no foreclosure auctions can take place. Plaintiff is seeking injunctive relief and

damages due to this "textbook case" of "dual tracking.".

4. These facts are exactly what happened to Ms. Carter who is gainfully employed at the

5. same job as a pharmacist earning $10,000 a month and has a daughter making $3,000 a month for a yearly total of $256,000. . Ms. Carter qualified for a loan

modification and has been denied her "due process" time and time again. The Georgia

Courts have not been able to understand or comprehend the true intentions of the predatory

Fremont loan originated in 2006 and how the lenders have played "musical chairs" in the servicing of the loan in order to foreclose on the subject property. This type of conduct is beyond the pale and outrageous.

6. Ms. Carter's loan has changed servicers more than seven times and the assignments are not in order and numerous instances of "robo signing" as well as notarization fraud. This renders the assignments as "void" and creates a break in the chain of title and lack of standing..

**In the classic due process model used in civil cases, the constitutionally required notice-and-hearing must be provided at a "meaningful time." The default rule is that notice and a hearing must be provided before the government takes adverse action, except in exigent circumstances.**

How do you prove a violation of due process?
In order to successfully establish a prima facie case for a procedural due process violation, a plaintiff must show that: (1) **there has been a deprivation of the plaintiff's liberty or property, and (2) the procedures used by the government to remedy the deprivation were constitutionally inadequate.** Jun 6, 2019

Due process under the Fifth and Fourteenth Amendments can be broken down into two categories: **procedural due process and substantive due process**. Procedural due process, based on principles of fundamental fairness, addresses which legal procedures are required to be followed in state proceedings.

What are the three requirements in procedural due process?
In administrative proceedings, procedural due process has been recognized to include the following: (1) the right to actual or constructive notice of the institution of proceedings which may affect a Defendant's legal rights; (2) a real opportunity to be heard personally or with the assistance of counsel, to present ... Nov 12, 2013

**A. Due Process - Generally**

In *McKinney v. Pate*, 20 F.3d 1550 (11ᵗʰ Cir. 1994) (en banc), *cert. denied*, 513
U.S. 1110

(1995), the court addressed the viability of section 1983 claims premised on the

Due ProcessClause of the Fourteenth Amendment.  The court stated:

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. *Cf.Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100
(1990). A violation of either of these kinds of protection may form the basis for asuit under section 1983. *Id.*

The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152, 82
L. Ed. 288 (1937). [ ] The Supreme Court has deemed that most--but not all--of the rights enumerated in the Bill of Rights are fundamental; certain unenumeratedrights (for instance, the penumbral right of privacy, *see Planned Parenthood v. Casey*, 505 U.S. 833,, 112 S. Ct. 2791, 2807, 120 L. Ed. 2d 674 (1992)) also
merit protection. It is in this framework that fundamental rights are incorporatedagainst the states. [ ] A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v.City of Harker Heights*, 503 U.S. 115,, 112 S. Ct. 1061, 1068, 117 L. Ed. 2d
261 (1992) (*quoting Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986)).

Although the Supreme Court has extended substantive due process protection to certain unenumerated rights, it has not extended Fourteenth Amendment coverage to a host of other areas. In fact, the Court has always been reluctant to expand the concept of substantive due process because guideposts forresponsible decision making in this uncharted area are scarce and open-ended.
The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field. *Collins*, 503 U.S. at
----, 112 S. Ct. at 1068 (citation omitted). Hence, remaining largely outside the scope of substantive due process jurisprudence are tort law, *see Daniels*, 474 U.S.at 332, 106 S. Ct. at 665, and public employment law, *see, e.g., Bishop v. Wood*, 426 U.S. 341, 350, 96 S. Ct. 2074, 2080, 48 L. Ed. 2d 684 (1976), and *Board of Regents v. Roth*, 408 U.S. 564, 577-78, 92 S. Ct. 2701, 2709-10, 33 L. Ed. 2d 548 (1972).

In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 515, 88 L. Ed. 2d 523 (1985) (Powell, J.,

concurring). As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural--not substantive--due process are observed.

Substantive due process rights differ from their procedural counterparts in a second, important fashion: the manner in which a violation of the right occurs. A violation of a substantive due process right, for instance, is complete when it occurs; hence, the availability vel non of an adequate post-deprivation state remedy is irrelevant. Because the right is "fundamental," no amount of process can justify its infringement. By contrast, a procedural due process violation is not complete "unless and until the State fails to provide due process." *Zinermon*, 494 U.S. at 123, 110 S. Ct. at 983. In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.

*McKinney*, 20 F.3d at 1555-57 (footnotes omitted).  In *Skinner v. City of Miami*, 62 F.3d 344, 347 (11th Cir. 1995), *cert. denied*, 520 U.S. 1165 (1997), the court stated, "Tort law is one such area that remains largely outside the scope of substantive due process jurisprudence." In *Flint Electrical Membership Corp. v. Whitworth*, 68 F.3d 1309, 1313 (11th Cir. 1995), *modified on other grounds*, 77 F.3d 1321 (11th Cir. 1996), the court again noted that in *McKinney* "the court held that § 1983 substantive due process claims arising from non legislative deprivations of state- created property interests are no longer cognizable in this circuit."

**B. Procedural Due Process**

Because the Plaintiff does not assert any substantive due process violations, the

court need only address procedural due process.  The Plaintiff asserts that the

defendants denied him procedural due process of law.  Supporting this claim, the

Plaintiff asserts:

27.  Plaintiff received denial letter from Select Portfolio Servicing ( Exhibit B) for a
modification on accounting methods using an erroneous figure  as her  principle balance and then
amortizing this over  360  months to create a fictitious monthly payment .  Select Portfolio
Servicing  is notorious  for creating false numbers and making the modification process into an
intellectual cross word puzzle.  Select Portfolio does not have or refuses to use Ms. Carter's
current income of $13,000 a month and is relying on old figures prior to her recent raise in
income.

   28.The procedures used to notify the Carter's  that the County intended
   to foreclose violated his due process as well as the Fair Debt
   Collections and Practices Act ( FDCPA) or the procedures used
   violated his dueprocess rights under the United States Constitution,.

 *McKinney*, the court noted that "a procedural due process violation is not

complete 'unless and until the State fails to provide due process'.     In other

words, the state may cure a procedural deprivation by providing a later

procedural remedy; only when the state refuses to provide a process sufficient to

remedy the procedural deprivation does a constitutional violationactionable

under section 1983 arise." *Id.*, at 1557 (citation omitted).  *Accord, Flint Elec.*

*Membership Corp.*, 68 F.3d at 1313.  If an adequate state process is available to

rectify thedeprivation, the purported violation is not actionable under section

1983.  *Flint Elec.*

*Membership Corp.*, 68 F.3d at 1313.

In addition,  Plaintiff Tawana Carter alleges a violation of Federal Rule (60) (b) for

"fraud upon the court" or error in that Wells Fargo Bank, N.A. is claiming to be the

Trustee of Securitized  Trust but now the Trust is suddenly sold to someone else  In addition, the

attorneys for Defendant's did not send out a proper Notice of Foreclosure with a copy of the

actual advertisement. The right hand did not know what the left hand was doing as Mr.

Carter was in an "active" modification in violation of FDCPA .

Who is the real party in interest ? Where are the assignments ? There appears to be a wrongful

Foreclosure due to a break in the chain of title.

7. It is true that fraud appears in many guises. "[I]t is as old as falsehood and as versatile as human ingenuity." But it is not simply a label that may be applied to any set of puzzling circumstances. A popular legal reference defines "fraud" as "a knowing misrepresentation of the truth or concealment of a material fact [or a misrepresentation made \*451 recklessly without belief in its truth] to induce \*\*282 another to act to his or her detriment." *Black's Law Dictionary,* p. 731 (9th ed. 2009).

8. It further defines "fraud on the court": "... a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding. Examples are bribery of a juror and introduction of fabricated evidence." *Id.* at 732. The tort of fraud similarly is based on a knowing or reckless misrepresentation.

9. The case law does not expressly make clear upon whom the fraud must have been committed.

10. It is unclear whether the fraud referred to is a fraud between the parties or a fraud upon the Court. At argument and its brief, though, Plaintiff conceded that the fraud required to open an adversarial complaint for lack of endorsements on the note is a fraud upon the court, but maintained that the averments it has made regarding

involvement in signing the assignment were, in fact, a fraud upon the court, which has been defined as

"[i]n a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding."

***Black's Law Dictionary*** (9th ed.2009).

We do agree that the fraud necessary to open this was a lack of on the note which is fraud upon the court, but we do not agree that Defendant established that such fraud has been committed in this case.

Actions for fraud upon the court are so rare that, to our knowledge, no Pennsylvania court has articulated a legal definition of the concept. The Third Circuit has only recently passed upon the topic, noting that "[t]he concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment." ***Herring v. United States,*** 424 F.3d 384, 386–87 (3d Cir.2005). In ***Herring***, the Third Circuit, recognizing that it, too, had never articulated a test for determining whether fraud had been committed upon the court, established a demanding standard of proof.

In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence. Id. (internal quotations omitted).

Defendant is far from meeting this burden. Even if we assume arguendo that Ms. Esposito's actions constitute intentional fraud under Pennsylvania law, there is no indication that she is an officer of the court. An officer of the court is "[a] person who is charged with upholding the law and administering the judicial system," specifically judges, clerks, sheriff deputies and attorneys. ***Black's Law Dictionary*** (9th ed.2009). Ms. Esposito is a vice president and assistant secretary for Mortgage Electronic Registration Systems, which hardly qualifies her as an officer of the court. It is not the responsibility of the Court to investigate the validity of signatures on assignments of mortgages. That responsibility belongs to the parties.

***HSBC Bank USA, Nat. Ass'n v. Mid Cty. Res.***, No. 3055 CV 2010, 2014 WL 10589052, at *3 (Pa. Com. Pl. Jan. 22, 2014).

In **Hazel-Atlas**,4 the Supreme Court of the United States in a civil case recognized an exception to the general rule "that judgments should not be disturbed after the term of their entry has expired," and held that federal courts have an inherent power to "set aside their judgments after the expiration of the term at which the judgments were finally entered...under certain circumstances, one of which is after-discovered fraud." **Hazel-Atlas**, 322 U.S. at 244. To meet the "demanding standard" and prove a claim of fraud on the court, petitioner must show there was: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." **Herring v. United States**, 424 F.3d 384, 390 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" Id. (quoting **In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions**, 538 F.2d 180, 195 (8th Cir. 1976)) (emphasis added). The court in **United States v. Rodriguez** explained:

*5 The equitable power to set aside a prior judgment for fraud on the court is extraordinary, with few of the limitations that otherwise constrain motions for relief from a judgment due to fraud under Rule 60(b)(3) of the Federal Rules of Civil Procedure or independent actions for relief from a judgment due to fraud. **United States v. Rodriguez**, Crim. Action No. 98-362-12, 2012 WL 162297, at *4 (E.D. Pa. Jan. 18, 2012) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KANE, **FEDERAL PRACTICE AND PROCEDURE** § 2870, at 411-13 (4d ed. 1995)) (emphasis added).

**Ferguson v. United States**, No. 03-72, 2016 WL 1578777, at *4–5 (W.D. Pa. Apr. 20, 2016).

### FIRST CAUSE OF ACTION:
### REASONABLE RELIANCE, DETRIMENTAL RELIANCE, VIOLATION OF DUE PROCESS; VIOLATION OF FEDERAL RULE 60 b)

11. The Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

25. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove, regarding their respective rights and duties, in that Carter's contends that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported power of sale, or power to foreclose judicially or non-judicially, by the above specified Defendants, and each of them, no longer applies.

26. Defendants are attempting to have wrongfully foreclosed in Fulton County, Ga.. . Plaintiff was denied due process because income was not calculated properly as well as the amount of the principal balance on the Select Portfolio Servicing monthly statement. From a procedural standpoint Plaintiff was denied due process because one cannot foreclose and deny a loan modification within a 14 day window. Or even a 60 day window. The FDCPA requires a 120 day window.

27.. Carter's requests that this Court find that the purported power of sale contained in the Deed is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of this deed involved numerous fraudulent, false, deceptive and leading practices, including, but not limited to, violations of State laws designed to protect borrowers, which have directly caused Carter's to be at an equitable disadvantage to Defendants.

28. Plaintiffs further request that title to the Real Property remain in Carter's possession during the pendency of this litigation, and deem that any attempted sale of the Real Property is "unlawful and void".

29.Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law.

30. Therefore, Defendant WELLS FARGO BANK, N.A. cannot establish that it is entitled to assert a claim in this case.

31. For this reason, as well as the other reasons set forth herein below, WELLS FARGO BANK, N.A. cannot transfer an interest in Real Property, and cannot recover anything from Carter's with unclean hands.

32. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Carter's Real Property under the Mortgage/Deed of Trust on the Real Property via an in Rem action supported by false or fraudulent documents.
Said unlawful foreclosure action has caused and continues to cause Carter's great and irreparable injury in that Real Property is unique.

33. Plaintiffs from the inception of this loan have been victims of predatory lending and the WELLS FARGO BANK, N.A. , et all loan was a loan in which Carter's would never be able to repay.
Carter's detrimentally relied and had reasonable reliance on the servicer to grant them a modification and made numerous attempts on to be turned down time and time again for unreasonable reasons.

34. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Carter's.

35. Carter's will not have the beneficial use and enjoyment of their Home which is facing foreclosure and is now seeking damages.

36. Carter's' have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Carter's.
Carter's have suffered and will continue to suffer far into the future unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Carter's to determine the precise amount of damage it will suffer.

## SECOND CLAIM FOR RELIEF

## NEGLIGENT DEPRIVATION OF CIVIL RIGHTS

## UNDER 42 U.S.C. §1983

## (Against All Defendants)

37. Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

38.. Within the applicable statute of limitations period, and/or as extended by one or more applicable equitable tolling doctrines, Defendants individually and as a group, negligently deprived Plaintiff of their constitutional rights under the color of state law by, among other things:

39. Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

40. Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, by pursuing a sham Criminal complaint case after sham notices of violations against Plaintiff.

41. The actions of each Defendant were done with deliberate indifference to, or with reckless disregard for Plaintiff's rights, or for the truth.

42... The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and or Federal law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue

43.. The constitutional source of the rights claimed to be violated herein are primarily the just compensation clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment. Plaintiff's property and due process rights were violated by the conduct alleged herein.  Plaintiff brings this claim as both a procedural and substantive due process violation. To the extent any Court were to conclude the the source Plaintiff's rights arise under any constitutional source other than the Fifth and Fourteenth Amendments, this claim is brough on those bases well.

44. Additionally, Defendants acted under color of law to also violate Plaintiff's unalienable/inalienable right to free expression, protected by the 1st and 14th Amendments to the Constitution for the United States of America .

45. Additionally, Defendants acted under color of law to also violate Plaintiff's unalienable/inalienable right to use of property without unreasonable interference, protected by the 4th and 14th Amendments to the Constitution of the United States of America

46. Defendants were each jointly and severally responsible to ensure Plaintiff was not deprived of their constitutional rights related to herein complained of conduct.  Each engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which

each had responsibility to do, and each ratified, approved it , which each had a responsibility to do, and each ratified, approved or acquiesced in it.

47. As a direct and proximate result of each Defendant's violations, Plaintiff sustained damages in an amount to be proven at trial.

48..WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## THIRD CLAIM FOR RELIEF

### JOINT ACTION/CONSPIRACY TO VIOLATE  CIVIL RIGHTS

### UNDER 42 U.S.C. §1983

### (Against All Defendants)

49... Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

50. Within the applicable statute of limitations period, and/or as extended by one or more applicable equitable tolling doctrines, Defendants individually and as a group, negligently deprived Plaintiff of their constitutional rights under the color of state law by, among other things:

51.Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

52.Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, as more fully described in the First and Second Claims for Relief, above.  Each act of deprivation of Plaintiff's rights, as more specifically explained the First and Second Claims for Relief, as well as other actions related to them, constitute an overt act in furtherance of said conspiracy..

53. Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

54. The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and or Federal law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue

55. As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

56. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## FOURTH CLAIM FOR RELIEF

## JOINT ACTION/CONSPIRACY TO VIOLATE RIGHTS

### UNDER 18 U.S.C. § 241,242

#### (Against all Defendants)

57.. Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

58. Plaintiff allege that Defendants violated multiple federal Criminal Codes while violating Plaintiff's rights, including, but not limited to 18 U.S.C. 1005, 18 U.S.C. 241, 18 USC 242.

59. Within the applicable statute of limitations period, as extended by any applicable equitable tolling doctrines, Defendants, and each of the, acted in concert and otherwise conspired and agreed to deprive Plaintiff of their rights, privileges, or immunities secured b the Constitution and laws of the United States as more fully described in the First and Second Claims for Relief, above. Each act of deprivation of Plaintiff's rights, as more specifically explained the First and Second Claims for Relief, as well, as other actions related to them, constitute an overt act in furtherance of said conspiracy.

60. Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

61. The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and / or Federal Law and does not involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution in connection with a public issue.

62.. 18 U.S.C. Code section 241 states:

63. If two or more persons conspire, injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, or if two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

64.They shall be fined under this title or imprisoned not more than ten years, or both;

65.And if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

66. 18 U.S. Code section 242 states:

67.Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects andy person in any State, Territory, Commonwealth, Possession, or District to the deprivation of

any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an person, or reason of his color, or race, age,  than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or many be sentenced to death.

68.. As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

WHEREFORE,  Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

**FIFTH  CLAIM FOR RELIEF**

**JOINT ACTION/CONSPIRACY TO VIOLATE RIGHTS**

**UNDER CIVIL CODE 52.1**

(Against all Defendants )

69.Plaintiff realleges preceding paragraphs, as well as any subsequent paragraphs contained in the complaint, as if fully set forth herein.

70.. Within the applicable statute of limitations period, and/or as extended by one or more applicable equitable tolling doctrines, Defendants individually and as a group, negligently deprived Plaintiff of their constitutional rights under the color of state law by, among other things:

71.Participating in a fraudulent scheme to improperly obtain Plaintiff's waiver of due process protections resulting in a substantial loss of Plaintiff's property;

72.Participating in a fraudulent scheme to implement the objectives of the Plan, as it relates to the Subject Property, in violation of State and Federal law, as more fully described in the First and Second Claims for Relief, above.  Each act of deprivation of Plaintiff's rights, as more specifically explained the First and Second Claims for Relief, as well as other actions related to them, constitute an overt act in furtherance of said conspiracy..

73... Alternatively, as joint actors with joint obligations, each of the herein named Defendants was and is responsible for the failures and omissions of the other.

74. The conduct complained of in this claim for relief was undertaken in furtherance of a fraudulent scheme to implement the Plan in violation of State and / or Federal law and does not

involve any act or acts in furtherance of any Defendant's right of petition or free speech under the United States Constitution .

75. California Civil Code 52.1 states and Georgia has a similar statute:

(a) This section shall be known, and may be cited , as the Tom Bane Civil Rights Act.

(b) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United states, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000)). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.

© Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a) my institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

76. As a direct and proximate result of each Defendants' violations, Plaintiff sustained damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as more fully set forth below.

## SIXTH CAUSE OF ACTION

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 1692 f (6)

78.Plaintiff incorporates and realleges all of the allegations set forth herein.

79. 15 U.S.C. § 1692 a (6) Section 1692 f (6) directly regulates the conduct of security interest

enforcers. A person enforcing a security interest regulates more than just the collection of a

money debt. It prohibits: {t}aking or threatening to take any non-judicial action to effect

dispossession or disablement of property if (A) there is no present right to possession of the

property claimed as collateral through an enforceable security intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement . Defendant is currently in loss mitigation and has submitted a loan modification package under final review. If Plaintiff were to foreclose at this time would be "duel tracking".

## SEVENTH CAUSE OF ACTION

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 1692 f (6)

80. .Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 1-38  as if fully.set forth herein.

81.. 15 U.S.C. § 1692 a (6) Section 1692 f (6) directly regulates the conduct of securitity interest enforcers. A person enforcing a security interest regulates more than just the collection of a money debt.  It prohibits: {t}aking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is  no present right to possession of the property claimed as collateral through an enforceable security intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement .

1.

## PRAYER FOR RELIEF

PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, The Plaintiff s prays that Defendants be cited to appear and answer herein, and that upon final hearing, The Plaintiffl's be awarded judgment and allowed to modify, reinstate their loan:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties.

## JURY TRIAL DEMANDED

## FINAL PRAYER FOR RELIEF

Plaintiff prays for the following:

(a) That the Court call a jury of twelve (12) persons for all questions of fact;

(a) That the Court place a temporary restraining order or injunction on the sale of Plaintiff's property, and Plaintiff be allowed to purchase the property through either an affordable loan or through a modification , or a different lender;

(b) That the Plaintiff be awarded consequential damages in an amount to be determined at trial;

(c) That the Plaintiff be awarded general damages in an amount to be determined at trial;

(d) Plaintiff be awarded statutory damages, including double damages for each statutory violation as described herein, to be determined at trial;

(e) Plaintiff be awarded exemplary/punitive damages in an amount of $500,000.00 from each defendant, or to be determined at trial;

(f) Plaintiff understands that pro se are not allowed attorney's fees, but should Plaintiff locate and retain competent legal counsel, the future attorney to be awarded attorney's fees, and Plaintiff be awarded all court costs and expenses;

(g)   Plaintiff be awarded interest as allowed by law;

(h)   Plaintiff be awarded any other relief as he is unaware that he is eligible for, or that the Court or trier of facts, deems just and proper.

Respectfully submitted, this 23 ʰ day of Dec, 2022

Tawana Carter,

Pro se.

STATE OF GEORGIA

County of Fulton

## VERIFICATION

Before the undersigned Notary Public, comes Tawana Carter, who, having first been sworn an oath, under penalty of perjury states:

I am over the age of 21, and competent to testify.  I prepared and reviewed the foregoing complaint, which was written from first-hand knowledge, and the contents are true and correct to the best of my knowledge and belief, and if called upon to testify, will testify exactly as I have herein.

Tawana Carter, pro se